## NEWELL v. JEFFRIES.

### 1. BOUNDARIES—OCCUPATION LINES—RECENT SURVEYS.

A long-established boundary line marked by a tree-stump fence separating adjoining properties, up to which the parties and their predecessors in title have occupied their respective properties, should not be disturbed by a recent survey.

### 2. SAME—EVIDENCE—TREE-STUMP FENCE—RECENT SURVEY.

Trial court's finding that tree-stump fence, which admittedly did not conform to record description of boundary line between adjacent tracts of land, was the occupation line between parties litigant and their predecessors in title and should not be disturbed by recent survey which showed record description line to be elsewhere, *held,* correct, where evidence in record showed that tree-stump fence had been built more than 60 years before, and that parties and their predecessors in title thereafter had regarded it as property line.

### 3. SAME—DISPUTED AREA—ADVERSE POSSESSION.

Holding of court that long-established occupation line is the boundary line between adjacent landowners eliminates the necessity of discussing whether the landowner claiming the occupation line as the boundary acquired title to the disputed strip between the parties by adverse possession.

### 4. SAME—ESTOPPEL—WARRANTY DEED.

Doctrine of estoppel by warranty deed does not apply to dispute over location of boundary line, because location of line between lands is the matter in dispute, not title to the disputed strip of land between the 2 boundary lines evidenced by tree-stump fence and metes and bounds description.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 12 Am Jur 2d, Boundaries §§ 61, 67, 68, 70.
[3] 12 Am Jur 2d, Boundaries §§ 85, 89.
[4] 12 Am Jur 2d, Boundaries § 89.
  28 Am Jur 2d, Estoppel and Waiver §§ 4, 5, 8.
[5] 12 Am Jur 2d, Boundaries §§ 91, 116, 117.
[6] 20 Am Jur 2d, Costs §§ 15, 16.

5. Same—Straightening.

Judgment of trial court which found that occupation line
marked by old tree-stump fence was boundary line between
parties, and proceeded to straighten the line, *held*, justified
to simplify the boundary and prevent future disputes over
its location.

6. Costs—Neither Party Prevailing—Boundary Dispute.

No costs are allowed in appeal from judgment of trial court
establishing occupation line of long standing as boundary
line between adjacent lands, and cross-appeal from that part
of judgment which straightened the boundary line to avoid
future disputes, where the judgment was affirmed, since
neither party prevailed in full.

Appeal from Montcalm; Bebeau (Leo B.), J. Submitted Division 3 January 5, 1967, at Grand Rapids. (Docket No. 1,725.) Decided March 14, 1967.

Complaint by Maurice Newell and Grace Newell against Harry D. Jeffries for determination of boundary line between lands owned by parties and for injunctive relief. Judgment determining boundary line as claimed by plaintiffs, but straightening it. Defendant appeals, and plaintiffs cross-appeal. Affirmed.

*Thomas D. Anderson, Jr.,* for plaintiffs.

*Shivel, Phelps, Linsey & Strain,* for defendant.

Quinn, J. Plaintiffs filed this action to obtain injunctive and other relief against defendant, an adjoining landowner. Decision required the trial court to determine the location of the boundary line between the property of plaintiffs and that of defendant. The trial judge found the boundary line to be as contended for by plaintiffs, but, since it was irregular, he straightened it, and the plaintiffs had judgment on the basis of this straightened boundary

line. Both sides appeal, defendant from the locating of the boundary line and plaintiffs from the straightening of it after locating it.

Plaintiffs' property has been used as a golf course from 1928, except during the years 1946–1960. Plaintiffs purchased their property on land contract April 22, 1960, and received deed pursuant thereto March 18, 1964. Defendant obtained the property abutting plaintiffs on the north by deed dated November 16, 1959. In 1963, defendant had a survey made of his metes and bounds description, and the survey disclosed that the line between the two properties lay somewhat south of a stump-tree line that plaintiffs claim is their north boundary line. In August 1964, defendant commenced construction of a fence along the survey line of 1963, and this litigation ensued. The land lying between the survey line and the stump-tree line is the area in dispute, and although plaintiffs do not deny it is within the metes and bounds description contained in defendant's deed, they contend the stump-tree line has existed for 60 years as the division line between the properties, it is the line to which the parties and their predecessors in title have occupied, and it should not be disturbed by recent survey.

Witness Bagley testified that he helped build the stump fence as a line fence 60–62 years ago, that he later helped build the golf course that is now on plaintiffs' property, and that a recent inspection of the area disclosed some of the original stumps still in place. From this and other testimony and 2 views of the premises, the trial court found the stump-tree line to be the boundary line between plaintiffs and defendant, and on the basis of *Daley* v. *Gruber* (1960), 361 Mich 358, the trial court held such line should not be disturbed by a recent survey. Factually and legally, the trial court was correct.

This holding eliminates the necessity of discussing here defendant's contention that plaintiffs did not acquire ownership by adverse possession, just as such holding by the trial court eliminated the need for its discussion on the question of adverse possession.

Finally, defendant contends he acquired title to the disputed strip through estoppel by deed. This contention is based on the fact that one Skinner conveyed to defendant's predecessor in title by warranty deed the property now owned by defendant. Thereafter, Skinner acquired title by warranty deed to the property now owned by plaintiffs, and this after acquired title to the disputed strip passed from Skinner to defendant by way of estoppel. The contention fails because it assumes title to the disputed strip is involved when it is not. Plaintiffs' rights in the disputed strip are established by the long standing boundary line, not title.

The stump-tree line was irregular in that it varied in distance from the survey line. To overcome this irregularity which could result in confusion in the future, the trial court established the boundary line between plaintiffs and defendant as a straight line running parallel to and 13 feet north of the survey line. Plaintiffs contend they are entitled to a boundary line as established by the stump-tree line. We believe *Cline* v. *Daniels* (1956), 346 Mich 375, is adequate authority to support the judgment of the trial court in straightening the line.

Affirmed in all respects but without costs, since neither side fully prevailed.

FITZGERALD, P. J., and T. G. KAVANAGH, J., concurred.